W. S. DICKEY, *Doing Business as the W. S. Dickey Clay Manufacturing Company, Appellant,* v. THE ABILENE PLUMBING & HEATING COMPANY *et al., Appellees.*

No. 17,200.

HEADNOTE BY THE REPORTER.

SALES — *Payment by City Warrant — Refusal — Conversion.* Where a city warrant is forwarded by a debtor to his creditor in payment of the debt and the creditor returns the warrant stating in substance that he refuses to accept the warrant, and the debtor subsequently sells and indorses the warrant to a bank which collects it, the creditor has no claim against the bank for the proceeds of such warrant.

Appeal from Dickinson district court. Opinion filed February 10, 1912. Affirmed.

*David Ritchie, P. E. Reed,* and *New & Krauthoff,* for the appellant.

*G. W. Hurd,* and *Arthur Hurd,* for appellee The Abilene National Bank.

*Per Curiam:* The petition in this case, after alleging the capacity of the various parties to sue and be sued, alleges, in substance, that appellee the Abilene Plumbing & Heating Company under contract therefor, did certain work for the city of Abilene for which the city became indebted to the company in the sum of $691.72; that the appellant delivered to the plumbing company certain goods, wares and merchandise, the account for which remains unpaid; that the city issued to the plumbing company, in payment for the work, its warrant in the sum of $691.72; and further that:

"The Abilene Plumbing & Heating Co. caused the said warrant to be transmitted to said plaintiff (appellant) for application and in part payment of the amount that was then due said plaintiff from the said The Abilene Plumbing & Heating Co. as hereinbefore set forth and the said plaintiff re-transmitted said warrant to the said defendant The Abilene Plumbing & Heating Co. with the instructions to sell and dispose of the same and remit the proceeds thereof to this plaintiff and for that purpose duly indorsed said warrant so that the same could be negotiated and the proceeds thereof remitted to said plaintiff."

The petition further alleged that upon receiving the warrant back, the plumbing company, for the purpose of cheating and defrauding the plaintiff, transferred the warrant to the Abilene National Bank and the Abilene National Bank transferred it to the Citizens State Bank; and said banks, knowing that the warrant belonged to the plaintiff and the wrongful intention of the plumbing company, wrongfully and fraudulently converted the warrant to their own use, for which the plaintiff prays judgment.

Upon the trial, after the plaintiff had introduced its evidence, the defendant banks separately demurred thereto, which demurrers were sustained by the court, and, the appellant electing to stand thereon, judgment was rendered in favor of the banks.

If the evidence of the plaintiff sustained the allegation of the petition, which is above quoted, the ruling was erroneous. The allegation is that the plumbing company "caused the said warrant to be transmitted to said plaintiff for application and in part payment of the amount that was then due," etc. The evidence shows that in returning the warrant to the Abilene Plumbing & Heating Company, the plaintiff sent the following letter:

"The warrant which you sent us for $691.72 is herewith returned. We put it through our bank and you will note from the indorsements attached that there will be no funds until some time in February. You can not expect us to accept this warrant in payment of our account and we are going to ask you to arrange to cash it and send us draft immediately.

"You will recall that you wrote us under date of October 31st, that you would pay cash for this material."

It does not appear that the letter in which the warrant was sent to the appellant was introduced in evidence, so we have only the allegation of the appellant as to the purpose for which the warrant was sent to him. The letter returning it indicates that appellant tentatively accepted the warrant until it was discovered that the city would not have money for a month or more to pay it. Then, in the form of request, the appellant company suggested that the plumbing company cash it and "send us draft *immediately*"—not for the amount received for the warrant but, by fair implication, for the full amount of the bill as per former agreement.

It is contended that the banks were, by the circumstances, put upon inquiry as to the real ownership of the warrant. We think the evidence shows, as the bankers

would be presumed to have ascertained if they had made inquiry, that the plaintiff refused to accept the warrant for the purpose for which it was sent but that it relinquished all right to the warrant, returned it to the sender, and demanded an immediate draft for the amount of the account.

The judgment is affirmed.